# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| GERALD ELWOOD, | ) |
| --- | --- |
| Petitioner, | ) |
| vs. | ) Case No. CIV-10-654-M |
| H.A. LEDEZMA, Warden, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner currently in custody at the Federal Correctional Institution in El Reno, Oklahoma, and appearing pro se, has filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Chief United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the petition has been promptly examined, and for the reasons set forth herein, it is recommended that the petition be dismissed upon filing.[1]

Petitioner alleges that he was convicted in the United States District Court for the Eastern District of Louisiana, Case No. 92-469-D, following a jury trial on one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, two counts of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1), one count of aggravated assault in aid of racketeering in violation of 18 U.S.C. § 1959(a)(3), and two counts of using and carrying

---

[1]Rule 4 may be applied in the Court's discretion to actions brought pursuant to Section 2241. See Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

a firearm in a drug trafficking offense in violation of 18 U.S.C. § 924(c). Petition, 3; Brief in Support, 2; United States v. Elwood, Case No. 92-469, at 2 (E.D. La. July 29, 1997) (Order and Reasons) (attached to Brief in Support as Ex. 2). Petitioner claims that the district court imposed a sentence of life imprisonment on the conspiracy conviction, life imprisonment on both of the murder convictions, 20 years imprisonment on the aggravated assault conviction, and 60 months imprisonment on each of the firearms convictions. Petition, 3; Brief in Support, 2. These sentences were all ordered to be served consecutively. Elwood, Case No. 92-469, at 3 (Order and Reasons). Petitioner filed a direct appeal with the Fifth Circuit Court of Appeals, which he alleges affirmed his convictions. Petition, 3; Brief in Support, 2; United States v. Tolliver, 61 F.3d 1189 (5th Cir. 1995), vacated on other grounds, Sterling v. United States, 516 U.S. 1105 (1996) and Moore v. United States, 519 U.S. 802 (1996). Petitioner further alleges that he filed a motion under 28 U.S.C. § 2255 which the Eastern District of Louisiana granted in part and denied in part, setting aside his firearms convictions. Petition, 2; United States v. Elwood, Case No. 92-469, at 1 (E.D. La. July 29, 1997) (Judgment) (attached to Brief in Support as Ex. 2).

Petitioner raises three grounds in support of his petition for habeas relief. In Ground One, he claims that he was denied due process of law when the government withheld a psychological evaluation which diminished the credibility of its only fact witness. Petition, 4. In Ground Two, Petitioner claims that he was denied due process of law when the government failed to disclose an incident report which, he claims, called into doubt the government's argument regarding Petitioner's motive for committing the two murders.

2

Petition, 4. In Ground Three, Petitioner claims that he is actually innocent of the crimes for which he was convicted. Petition, 4-5.

Although Petitioner filed this action as a § 2241 petition for a writ of habeas corpus, the Court must determine whether Petitioner's action arises under § 2241 or § 2255. A § 2255 motion attacks the legality of a conviction or sentence and must be filed in the district that imposed the sentence, while a § 2241 petition attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); see also McIntosh v. United States Parole Commission, 115 F.3d 809, 811 (10th Cir. 1997) (stating that proceedings under 28 U.S.C. §§ 2254 and 2255 "are used to collateral attack the validity of a conviction and sentence."). A petition under § 2241 "is not an additional, alternative, or supplemental remedy" to a § 2255 proceeding. Bradshaw, 86 F.3d at 166 (citations omitted).

Petitioner freely admits that he is attacking the validity of his convictions and sentences and that under normal circumstances his petition should have been filed under § 2255. However, Petitioner contends that § 2241 is proper here because he has met the so-called "savings clause" exception to § 2255. Petition, Ex. 1, at 1-2;[2] Brief in Support, 4. That clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by

---

[2]Petitioner's two page attachment to his petition does not contain page numbers; the undersigned as inferred them.

> motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C. § 2255(e) (emphasis added). This exception is an extremely narrow one. <u>Caravalho v. Pugh</u>, 177 F.3d 1177, 1178 (10th Cir. 1999). For example, relief may be sought when the original sentencing court is abolished, when the sentencing court refuses to consider the § 2255 petition altogether, when the court inordinately delays consideration of the petition, or when no one court could grant complete relief. <u>Caravalho</u>, 177 F.3d at 1178. It is Petitioner's burden to show that the § 2255 remedy is inadequate or ineffective, and a previous failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective. <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996) (citing <u>Williams v. United States</u>, 323 F.2d 672, 673 (10th Cir. 1963)). Moreover, the procedural hurdles to filing a second § 2255 motion under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) do not render the remedy inadequate or ineffective. <u>Caravalho</u>, 177 F.3d at 1178.

In support of his argument that the § 2255 remedy is inadequate or ineffective, Petitioner alleges that in 1991, he was convicted in the United States District Court for the Eastern District of Louisiana of several crimes, including conspiracy to distribute cocaine. Brief in Support, 4. Petitioner then contends that in 1992, while he was serving time for the 1991 convictions, he was charged with and convicted in the same court of the crimes that form the basis of this habeas petition, including conspiracy to distribute cocaine. Brief in Support, 4. Petitioner further contends that both the 1991 and 1992 conspiracy convictions

4

involve the same set of facts, such that the 1991 conspiracy conviction "was a smaller part of the larger conspiracy" resulting in the 1992 convictions. Brief in Support, 4-5. Thus, Petitioner contends that to challenge the 1992 conspiracy conviction, which is at issue here, he would also need to challenge the 1991 conspiracy conviction.[3] Brief in Support, 6. He claims that since he has already filed § 2255 motions in both his 1991 and 1992 convictions, he would have to get permission from the Fifth Circuit of Appeals in order to file successive § 2255 motions. Brief in Support, 6. However, he claims that the Fifth Circuit would not grant him permission to file a successive petition in the 1991 case because he has already served his sentence on that conviction. Brief in Support, 6. Thus, Petitioner argues that his claims are proper under § 2241.

The undersigned is not persuaded by Petitioner's arguments. Petitioner does not show that the original sentencing court has been abolished, that the sentencing court refused to consider his § 2255 petition, that the sentencing court inordinately delayed consideration of his petition, or that no one court could grant complete relief. See Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999). Indeed, Petitioner previously filed a § 2255 motion challenging his 1992 convictions with the Eastern District of Louisiana and the motion was granted in part and denied in part. Petition, 2; United States v. Elwood, Case No. 92-946, at 1 (E.D. La. July 29 1997) (Judgment) (attached to Brief in Support as Ex. 2). He also filed a § 2255 motion with that court challenging his 1991 conviction but his motion was denied.

---

[3]Petitioner does not state why he would need to challenge both convictions, but it is presumably because both arose from the same set of facts.

5

United States v. Elwood, Case No. 91-371 (E.D. La. Apr. 14, 1997) (Judgment) (attached to Brief in Support as Ex. 1). Further, the Eastern District of Louisiana has clear jurisdiction to hear his claims, including any double jeopardy argument, Brady violation or sufficiency of the evidence claim, as he is attacking the validity of his convictions and sentences. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

To the extent that Petitioner is claiming that his "actual innocence" claim makes the § 2255 remedy inadequate or ineffective, such claim must fail. The Tenth Circuit has yet to decide whether a prisoner may invoke § 2255's savings clause and seek relief under § 2241 if he can establish his actual innocence of his conviction and he has been denied permission to raise his claims in a second or successive § 2255 motion. Prevatte v. Gunja, No. 05-1332, 167 Fed. Appx. 39, 43 (10th Cir. Feb. 13, 2006). Even assuming the Tenth Circuit would permit a § 2241 petition in such a case, Petitioner here does not meet his burden as he has not shown that he has been denied permission by the Fifth Circuit to file a second or successive § 2255 motion, raising the claims he raises here.

However, even in he could make such a showing, his claim would still fail as he has raised a claim of legal innocence and not actual innocence. To make out a claim of actual innocence, Petitioner must show that he is currently imprisoned for conduct that is not prohibited by law. See Hernandez-Escarsega v. Morris, No. 01-6370, 43 Fed. Appx. 181, 184 (10th Cir. May 3, 2002) ("The core idea [of an actual innocence claim] is that the petitioner may have been imprisoned for conduct that was not prohibited by law." (internal quotation marks and brackets omitted)); Bousley v. United States, 523 U.S. 614, 623 (1998)

6

("'[A]ctual innocence' means factual innocence, not mere legal insufficiency."). The focus of the inquiry is not on the error involved but on whether the Petitioner's guilt is substantially in doubt. Prevatte, 167 Fed. Appx. at 44. Petitioner must show that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Id. Petitioner, at most, raises a claim of trial error, which amounts to a legal innocence claim, and not an actual innocence claim. Winfield v. Ray, No. 02-3284, 74 Fed. Appx. 850, 851 n. 5 (10th Cir. Aug. 12, 2003) (trial error does not necessarily equate to actual innocence). Accordingly, Petitioner's argument must fail. See Hernandez-Escarsega, 43 Fed. Appx. at 184-85 (after assuming, without deciding, that claim of actual innocence would merit the court's consideration of his § 2241 petition, court found that savings clause could not be invoked because petitioner's argument showed claim of legal, not actual innocence).

Thus, the undersigned finds that Petitioner has failed to show that his claims fall within the limited circumstances in which the § 2255 remedy would be found inadequate or ineffective. Therefore, the undersigned recommends that the § 2241 petition be dismissed because it plainly appears from the face of the petition that Petitioner is not entitled to habeas relief pursuant to § 2241 as alleged. Purvis v. Wiley, No. 06-1117, 214 Fed. Appx. 774, 776-78 (10th Cir. Jan. 26, 2007); Kokoski v. Callahan, Nos. 05-6377, 06-6045, 196 Fed. Appx. 641, 643-44 (10th Cir. Aug. 22, 2006); Gibson v. Fleming, No. 01-6198, 28 Fed. Appx. 911, 913 (10th Cir. Dec. 11, 2001). Moreover, this Court lacks jurisdiction to consider a challenge to Petitioner's convictions and sentences pursuant to 28 U.S.C. § 2255, and the Eastern District of Louisiana is the proper forum for that claim. See 28 U.S.C. § 2255;

Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000) ("Because a section 2255 motion must be brought in the district in which the defendant was sentenced, the district court here lacked jurisdiction."). Accordingly, it is recommended that the petition be dismissed without prejudice.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that the petition for a writ of habeas corpus be dismissed without prejudice. In light of this recommendation, Petitioner's motion to appoint counsel [Doc. No. 3] should also be denied. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by August 31, 2010, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter. The Clerk of the Court is instructed to send a copy of this Report and Recommendation to the United States Attorney for the Western District of Oklahoma on behalf of the Respondent.

Dated this 11th day of August, 2010.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE